J-A11039-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| TOWNSHIP OF HAMPDEN, PENNSYLVANIA | : IN THE SUPERIOR COURT OF<br>: PENNSYLVANIA<br>: |
| Appellant | :<br>:<br>:<br>: |
| v. | :<br>:<br>:<br>: No. 1538 MDA 2025 |
| PP&L CORPORATION AND PP&L<br>ELECTRIC UTILITIES CORPORATION | :<br>: |

Appeal from the Order Entered October 10, 2025
In the Court of Common Pleas of Cumberland County Civil Division at
No(s):  2018-06179

BEFORE:  BECK, J., NEUMAN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:               **FILED JUNE 30, 2026**

Appellant, the Township of Hampden, Pennsylvania (the Township) appeals from the order[1] granting summary judgment in favor of PP&L Corporation (PPL) and PP&L Electric Utilities Corporation (PPLEU) (collectively Appellees) in the underlying conversion action.[2]  After careful consideration,

_____

[1] The trial court titled its disposition as an "opinion" rather than  "order."  ***See*** Trial Court Opinion (TCO), 10/10/25, at 1.

[2] While the Township is a Pennsylvania municipality, none of the criteria establishing jurisdiction in Commonwealth Court under 42 Pa.C.S. § 762 (*e.g.*: regulatory matters; issues involving proceedings under any municipal code; not-for-profit corporations; immunity; eminent domain; etc.) appear to be implicated.  Moreover, no party has objected to this Court's jurisdiction pursuant to 42 Pa.C.S. § 704.  Accordingly, we conclude that the appeal is properly before us.

we reverse and remand for further proceedings consistent with this memorandum.

The trial court aptly summarized the relevant facts and procedural history in its opinion. **See** TCO at 1-3. Briefly, on June 26, 2009, the Township executed an agreement with Municipal Energy Managers, Inc. (MEM). The principals of MEM, Patrick McLaine and Robert Kearns, would ultimately plead guilty to theft from the Township. PPLEU, a subsidiary of its parent holding company PPL, owned the streetlights within the Township. The purpose of the agreement with MEM was to facilitate the Township's acquisition of the streetlights. In furtherance of the agreement, the Township paid MEM $546,000, which MEM was to transmit to PPLEU to be held in a dedicated account for the Township's benefit. That same day, MEM wired $546,000 to PPLEU without any designation that the funds were to be held for the benefit of the Township. Consequently, PPLEU applied the $546,000 to outstanding invoices MEM owed for streetlight projects in other municipalities. **See id.** at 1-2.

The Township first noted the misappropriated $546,000 during a May 11, 2011 conference call, and requested that Appellees credit their payment. The Township's solicitor followed up by email on July 5, 2011, seeking clarification of Appellees' intentions regarding the payment. Appellees' counsel responded on July 7, 2011, acknowledging receipt of the $546,000, but indicating that the payment had not been designated for the Township's benefit. Rather, Appellees' counsel explained that the funds had been applied

to MEM's past-due invoices related to eleven municipalities that had purchased streetlights owned by Appellees, and Appellees declined to reallocate the funds to the Township. *See id.* at 2-3.

On June 6, 2011, the Township commenced a civil action against MEM and its principals McLaine and Kearns, asserting claims that included recovery of the $546,000 payment. Criminal complaints against the principals followed on October 24, 2012, and, as stated above, on July 11, 2016, McLaine and Kearns pleaded guilty to theft by failure to make required disposition of funds, which included the Township's $546,000 payment. *See id.* at 3.

On January 17, 2017, the Township formally demanded that Appellees return the $546,000. In its February 15, 2017 response, Appellees stated that MEM never notified them that the funds originated from the Township or that they should be applied to the Township project. Appellees relayed that they and MEM had agreed the $546,000 payment would satisfy MEM's outstanding debt to Appellees, and that Appellees would not return the $546,000 to the Township. Thus, the Township initiated the conversion action against Appellees on July 3, 2018. *See id.*; Writ of Summons, 7/3/18.

In response, Appellees filed a motion for summary judgment alleging that the statute of limitations expired prior to the Township filing its July 3, 2018 writ of summons. *See* Appellees' Motion for Summary Judgment, 12/12/24, at 12-19. The Township filed a cross-motion for summary judgment asserting that it initiated the action in a timely manner, and arguing that it was entitled to relief because it satisfied the elements of conversion.

- 3 -

*See* Township's Motion for Summary Judgment, 12/16/24, at 6-10. On October 10, 2025, the trial court granted Appellees' motion because it concluded that the statute of limitations expired before the Township filed its writ of summons.[3] On November 5, 2025, the Township filed a timely appeal.[4]

The Township raises the following issues:

1. Whether the trial court erred as a matter of law in its application of the principles establishing when a claim for conversion arises under the facts of this case?

2. Whether the trial court erred as a matter of law or abused its discretion on failing to recognize that Appellee[s] … admitted that factual issues existed in the record which precluded granting summary judgment based on the statute of limitations?

Township's Brief at 4 (formatting altered).

The crux of the Township's appeal concerns the running of the statute of limitations. The Township recognizes that initially Appellees did not wrongfully take or withhold the $546,000. *Id.* at 21. When Appellees received the $546,000 from MEM in 2009, they had no reason to believe that

---

[3] The trial court stated "[c]urrently before us are the parties' cross-motions for summary judgment." TCO at 1. However, the trial court did not rule on the Township's cross-motion for summary judgment. Nevertheless, as the trial court's grant of Appellees' motion for summary judgment disposed of all claims and all parties, we conclude that the disposition was a final order for the purposes of appeal. *See* Pa.R.A.P. 341.

[4] The trial court did not order the Township to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b). Further, the trial court filed a statement in lieu of opinion stating that the reasons for its decision were set forth in the TCO filed on October 10, 2025. Statement in Lieu of Opinion Pursuant to Pa.R.A.P. 1925, 11/6/25 (single page).

the money was stolen from the Township. *Id.* at 22. Although the Township inquired about the allocation of the funds in 2011, the Township argues that it was not until the principals of MEM, McLaine and Kearns, pleaded guilty in 2016, that the parties knew Appellees possessed stolen funds, and that the cause of action for conversion arose once the Township made a demand for the funds and Appellees refused that demand in February 2017. *Id.* at 23-25.

> In considering an order granting summary judgment,
>
> [w]e view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

*Siciliano v. Mueller*, 149 A.3d 863, 864 (Pa. Super. 2016) (citation omitted). The record subject to review is explicitly limited to (1) pleadings; (2) depositions, admissions, responses to interrogatories, affidavits; and (3) reports signed by expert witnesses that comply with the rules of discovery. *Finder v. Crawford*, 167 A.3d 40, 44 (Pa. Super. 2017) (citing Pa.R.Civ.P. 1035.1).

Conversion is defined as "the deprivation of another's right of property in, or use or possession of, a chattel, or other interference therewith, without the owner's consent and without lawful justification." *Irish Holdings LLC v.*

*EQT Production Company*, 330 A.3d 455, 457 n.1 (Pa. Super. 2025). "Although the exercise of control over the chattel must be intentional, the tort of conversion does not rest on proof of specific intent to commit a wrong." *L.B. Foster Co. v. Charles Caracciolo Steel & Metal Yard, Inc.*, 777 A.2d 1090, 1095 (Pa. Super. 2001).

Conversion claims are subject to a two-year statute of limitations. *Whittington v. Daniels*, 332 A.3d 102, 107 (Pa. Super. 2025) (citing 42 Pa.C.S. § 5524(3)). A conversion cause of action does not accrue until the plaintiff makes a demand for the property, and the defendant refuses to deliver it. *Norriton East Realty Corp. v. Central-Penn National Bank*, 254 A.2d 637, 639 (Pa. 1969). When there is no "wrongful taking or disposal of the property, demand and refusal are necessary to complete the tort." *Id.* (citation omitted). "A defendant who has come rightfully into possession in the first instance … becomes a converter when he refuses to deliver on demand." *Id.* Finally, "[o]nce a cause of action has accrued and the prescribed statutory period has run, an injured party is barred from bringing his cause of action." *Fine v. Checcio*, 870 A.2d 850, 857 (Pa. 2005).

As noted above, the trial court concluded that the statute of limitations began to run when the Township inquired about the funds during the May 2011 conference call. *See* TCO at 5. It was on this basis that the trial court concluded the Township's writ of summons filed on July 3, 2018, was untimely. *Id.* at 1. After careful review, we conclude that prior to 2017, the statute of

- 6 -

limitations could not have begun to run because the Township's cause of action had not yet accrued.

Recently, the federal court in the Western District of Pennsylvania addressed the accrual of a cause of action for conversion:

> A cause of action generally "accrues, and thus the applicable limitations period begins to run, when an injury is inflicted." **Nicolaou v. Martin**, 649 Pa. 227, 195 A.3d 880, 892 (2018). Under Pennsylvania law, a conversion claim accrues when "there has been a demand for the goods and a refusal to deliver." **Fenton v. Balick**, 821 F. Supp. 2d 755, 761 (E.D. Pa. 2011) (quoting **Serafini v. Mariani**, 2010 WL 1342926, at *5 (M.D. Pa. Mar. 31, 2010) (citation omitted)). **See Beadling v. Moore**, 93 Pa. Super. 544, 1928 WL 4454, *1 (Pa. Super. 1928) ("demand and refusal are evidence of the conversion of property"). Stated differently, **a conversion claim "arises once a permissible possession becomes impermissible." Beltz v. Erie Indem. Co.**, 279 F. Supp. 3d 569, 584 (W.D. Pa. 2017), *aff'd*, 733 Fed. Appx. 595 (3d Cir. 2018) (citing **Fenton**, 821 F. Supp. 2d at 761).

**JTH Tax LLC v. Foster**, 691 F.Supp.3d 691, 707 (W.D. Pa. 2023) (emphasis added and some formatting altered).[5]

Consistent with the forgoing legal tenets, we conclude that when McLaine and Kearns pleaded guilty to the theft of the $546,000 in July of 2016, Appellees' permissible possession of the funds became impermissible. **See id**. In other words, Appellees' lawful justification for retaining the $546,000 was extinguished upon the guilty pleas of Kearns and McLaine. **See Pioneer Commercial Funding Corp. v. American Financial Mortg. Corp.**, 855 A.2d

---

[5] Although decisions of the federal district courts are not binding, we may consider such decisions for their persuasive value. **See Dietz v. Chase Home Finance, LLC**, 41 A.3d 882, 886 n.3 (Pa. Super. 2012).

818, 827 (Pa. 2004) (stating that "a claim of conversion cannot be sustained in the face of lawful justification on the part of the asserted tortfeasor"). Accordingly, the Township's conversion claim accrued in February of 2017, when Appellees had no lawful justification to retain the $546,000, but refused the Township's demand for the return of the money. *See Irish Holdings LLC*, 330 A.3d at 457 n.1; *Norriton East Realty Corp.*, 254 A.2d at 639; *see also JTH Tax LLC*, 691 F.Supp.3d at 707.

Here, the Township filed its writ of summons on July 3, 2018, within two years of the cause of action accruing in February of 2017. As such, we conclude that the Township initiated their conversion action within the applicable statute of limitations. *See Whittington*, 332 A.3d at 107; 42 Pa.C.S. § 5524(3).[6]

In sum, we conclude that the trial court erred in granting Appellees' motion for summary judgment based on the expiration of the statute of limitations. *See Siciliano*, 149 A.3d at 864. Accordingly, we reverse the order granting summary judgment in favor of Appellees and remand for further proceedings consistent with this memorandum.

Order reversed. Case remanded. Jurisdiction relinquished.

_____

[6] Because of our disposition, we do not reach the Township's alternative argument that Appellees' factual admissions affected the statute of limitations.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/30/2026